Violeta ZAGREAN and Liviu Zagrean, Plaintiffs,

v.

NCL (BAHAMAS) LTD, d/b/a Norwegian Cruise Lines, Defendant.

Case No. 15–24462–CIV–WILLIAMS

United States District Court, S.D. Florida.

Signed 01/11/2016

Filed 01/12/2016

Robert D. Peltz, Louis Anthony Vucci, The Vucci Law Group, PA, Miami, FL, for Plaintiffs.

Brett Michael Berman, Norwegian Cruise Line, Miami, FL, for Defendant.

## ORDER

KATHLEEN M . WILLIAMS, UNITED TATES DISTRICT JUDGE

**THIS MATTER** came before the Court on Defendant NCL (Bahamas) Ltd.'s motion to dismiss count II of the complaint for loss of consortium.[1] (DE 6). Plaintiff has responded. (DE 11).[2]

The Eleventh Circuit has held that "neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases." *Lollie v. Brown Marine Service, Inc.*, 995 F.2d 1565, 1565 (11th Cir.1993); see *also In re Amtrak "Sunset Limited" Train Crash*, 121 F.3d 1421, 1429 (11th Cir.1997). Plaintiff argues that the later decided Supreme Court case *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 129 S.Ct. 2561, 174 L.Ed.2d 382 (2009), controls and holds that common law remedies extend to federal maritime actions such as this one. *Atlantic Sounding*, which held that an injured seaman may recover punitive damages for his employer's willful failure to pay maintenance and cure, was based on the long-established tradition of punitive damages being an available remedy under general maritime law. *Id.* at 424, 129 S.Ct. 2561.

The Eleventh Circuit has not revisited the issue of loss of consortium claims under general maritime law since the ruling

---

1. The Court addressed this question in greater detail in *Berns v. Royal Caribbean Cruises, Ltd.*, No. 14–CV–21428, DE 23 at 3–7 (S.D.Fla. Aug. 26, 2014) (granting motion to dismiss loss of consortium claim).

2. The Court requested that the Plaintiff provide the Court with expedited briefing on the question of whether count II for loss of consortium should be dismissed with prejudice. Plaintiff is commended for his timely and thorough response.

in *Atlantic Sounding.* However, the Eighth Circuit has. In *Doyle v. Graske,* 579 F.3d 898, 906 (8th Cir.2009), the court found "that there is no well-established admiralty rule, as there is with respect to punitive damages, authorizing loss-of-consortium damages as a general matter." Although the law may be "unsettled," [3] the Eleventh Circuit has not interpreted *Atlantic Sounding* to permit loss of consortium claims by the spouses of cruise ship passengers. Consequently, Defendant's motion to dismiss (DE 6) is **GRANTED** and Plaintiff Liviu Zagrean's loss of consortium claim is **DISMISSED WITH PREJUDICE.**

**DONE AND ORDERED** in chambers in Miami, Florida, this *11*th day of January, 2016.

---

3. *See, e.g., Shore v. Magical Cruise Co., Ltd.,* No. 6:14–CV–358–ORL–31, 2014 WL 3687100, at *4 (M.D.Fla. July 24, 2014) (noting the "unsettled state of the law" and quoting the panel decision in *McBride v. Estis Well Service, L.L.C.,* 731 F.3d 505, 514 (5th Cir. 2013), as establishing new criteria for determining whether a particular cause of action or remedy is available under general maritime law). On rehearing en banc, the Fifth Circuit determined that "punitive damages may not be recovered." *McBride v. Estis Well Serv., L.L.C.,* 768 F.3d 382, 384 (5th Cir.2014).